(May 7, 1974)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MASSEY, Appellant.— Judgment, Supreme Court, Bronx County, rendered May 5, 1971, convicting the defendant after a jury trial of the crimes of attempt to commit the crime of murder, kidnapping in the second degree, robbery in the first degree, grand larceny in the third degree, and possession of a weapon as a felony, and sentencing the defendant to an indeterminate term of 8⅓ to 25 years on each of the first three counts, an indeterminate term of up to four

years on the grand larceny count, and an indeterminate term of two to six years on the count of possession of a weapon, all sentences to run concurrently, affirmed. The dissenting opinion alleges two instances of prejudicial error at the trial: First, the admission of a DD-5 Report, and, second, the refusal of the court to adjourn the commencement of the trial for two days to obtain a fresh jury panel. The defendant, John Massey, was tried and convicted of the crime of murder. Immediately thereafter, his trial for the crimes of attempt to commit the crime of murder, kidnapping and other lesser crimes was commenced. The second trial was based on incidents totally unrelated to the first trial. During this second trial, the complainant had identified the defendant as one of his assailants, and defense counsel sought to pinpoint the precise time of this identification. Both sides rested subject to obtaining such information from the District Attorney. It was at this point in the trial that a question arose between counsel and the court respecting the time when the complainant first identified the defendant as one of his assailants. During the ensuing colloquy, defense counsel requested a copy of the DD-5 Report of Detective Smith, the arresting officer. The prosecutor declined to comply with this request unless defense counsel agreed to stipulate that the DD-5 Report would be received in evidence. Defense counsel refused to accede to this request and the court thereupon reopened the People's case. Detective Smith was called by the People and testified. He was cross-examined and his DD-5 Report was admitted in evidence over objection of the defense counsel. The record indicates that during the cross-examination of Smith, defense counsel, during the greater part of her interrogation, formulated questions based on statements in the aforesaid DD-5 Report. While this document should have been used solely for impeachment purposes rather than being admitted in evidence, in the context of this case the admission of the DD-5 Report was harmless error. We further conclude that the denial of a trial adjournment was correct. As mentioned initially, the trial which is the subject of this appeal had been immediately preceded by another trial of this same defendant which resulted in a verdict convicting the defendant of the crime of murder. Each trial concerned itself with separate, unrelated incidents. Counsel for the defendant requested a two-day adjournment in order that a fresh jury panel be available for this second trial. The court denied the request. We do not find that this ruling was in error. The rights of the defendant were protected when all jurors who had previously appeared in that courtroom as prospective jurors were excused. Furthermore, defense counsel was free to question these jurors on the *voir dire* to determine if they knew or had heard of the defendant previously. Nunez, J. P. and Lane, J., concur; Capozzoli, J., concurs in a memorandum and Kupferman and Murphy, JJ. dissent in a memorandum by Murphy, J., as follows:

Capozzoli, J. (concurring). The criticism, implied in the dissenting opinion, directed at the prosecutor, is well founded. Whatever took place when the case was reopened could have been avoided if the DD-5 had been produced when the defense first asked for it. There is no question that the testimony elicited from Detective Smith, when the case was reopened, was highly improper, if objection thereto had been voiced. But there was no objection by the defense counsel. On the contrary, I am satisfied that the defense willingly allowed this testimony and it can be concluded that this was consistent with the trial strategy adopted by the defense counsel. Kupferman and Murphy, JJ. dissenting in the following memorandum by Murphy, J.: Following his conviction for murder (which conviction we have this day unanimously affirmed, *People* v. *Massey,* 44 A D 2d 911), defendant was tried for attempted murder, kidnapping and lesser crimes in connection with an unrelated incident. This second conviction

cannot, in my opinion, be sustained for the reasons hereinbelow set forth. According to the complainant, he was persuaded, at gunpoint, to take a ride with defendant (known to him as "Snake") and three others (whom he only knew as Bernard, Bubba and Leon). He was requested to relinquish a package, which he assumed to refer to drugs since he had, in the past, served as a retailer for defendant and Bubba. When he failed to satisfactorily respond, the quartet decided to take him to a desolate location off City Island with which they were familiar. Defendant and Bubba left the car. Bernard and Leon remained with the complainant and, while awaiting further word, proceeded to rob him of his belongings. A few minutes later Bubba returned with instructions to kill the complainant. Bernard tried, but failed, to carry out his assignment. Complainant, suffering from multiple gunshot wounds, managed to crawl to a nearby highway, where a passerby agreed to notify the police. Sergeant Klingert, who was cruising nearby, was flagged down by the passerby and then sped to the scene. On arrival he interrogated the complainant who informed him, in response to his inquiry, that the perpetrators were Bubba and three others. After hearing medical testimony, the complainant and the one police witness, the People rested. A question then arose as to when complainant first identified defendant as one of his assailants. It was assumed that such information could be supplied by the arresting officer, Detective Smith, or obtained from his DD-5 (an official police department supplementary complaint report). Relying on the rule enunciated in *People* v. *Rosario* (9 N Y 2d 286), defense counsel requested a copy of such report. The prosecutor was concededly uncooperative and refused to comply with such request without first extracting a stipulation that its contents be received in evidence. When defense counsel properly refused to so stipulate, the court permitted the People to reopen their case. Detective Smith then testified as to his conversations with complainant, including the fact that the complainant had identified a photograph of the defendant, and laid the foundation for the admission into evidence, over objection, of the DD-5 Report, thereby further buttressing complainant. In short, as a result of the prosecutor's intransigence and his wrongful refusal to turn *Rosario* material over to defense counsel, the case against defendant was permitted to be improperly and prejudicially bolstered, despite the absence of any legitimate claim that the complainant's testimony had been assailed as a recent fabrication. (Cf. *People* v. *Singer,* 300 N. Y. 120; *People* v. *Coffey,* 11 N Y 2d 142; *People* v. *Caserta,* 19 N Y 2d 18; *People* v. *Baker,* 23 N Y 2d 307.) Where, as here, defendant's conviction depends on the credibility of only one incriminating witness, an admitted drug seller, such impermissible bracing cannot be passed off as mere harmless error. One other point raised hereon merits consideration. Appellant was convicted of murder some 10 days prior to the commencement of the instant trial. Members of the jury panel for that month still had two days to serve. Fearful that the chosen or unselected jurors in the prior case may have disclosed defendant's name and the details of the murder case to other panel members on return to the central jury room, counsel requested a short adjournment to assure a fresh array of veniremen. The Trial Justice (who also presided at the murder trial) denied the application, but excused those members of the panel who had previously been in his courtroom during their term of service. In my opinion this did not suffice and the short adjournment should have been granted. Counsel's apprehension that the prior case may have been discussed with the prospective jurors in this case was justified and reasonable; and cannot be passed off as mere speculation. The prejudicial effect of any such disclosure is beyond dispute. Justice

and fairness required that a brief continuation be granted. Accordingly, the judgment of conviction should be reversed and a new trial directed.